UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: KASEY J. KIRK : CHAPTER 13
      Debtor(s) :
 :
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
      Movant :
 :
      vs. :
 :
KASY J. KIRK :
      Respondent(s) : CASE NO. 1-21-bk-00418

## TRUSTEE'S OBJECTION TO AMENDED CHAPTER 13 PLAN

AND NOW, this 8th day of July, 2021, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Earning capacity (Feasibility relies upon projected income).

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(2) in that the debtor(s) has not provided for full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. Sec. 507 – missing returns. (Federal income tax returns for 2017, 2019 and 2020.)

3. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor has excess non-exempt equity in the following:

   a. Restaurant equipment

4. The Trustee avers that debtor's plan is not feasible based upon the following:

   a. The debtor defaulted in the payment of post-petition mortgage obligations under his previous plan.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

    Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 8th day of July, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Gary Imblum, Esquire
4615 Derry Street
Harrisburg, PA  17111

/s/Deborah A. Behney
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee